UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 APR -7 AM 10: 50
U.S. DISTRICT COURT.
N.D. OF ALABAMA

ENTERED
APR - 7 1998

CENTHIA RE-NAYE WILMER, )
as next friend for )
LINDSEY G. WILMER, )
      Plaintiff, )
    vs. )    CV 97-L-0497-NE
 )
CENTRAL BANCSHARES OF THE )
SOUTH, INC.; BLUE CROSS )
AND BLUE SHIELD OF )
ALABAMA, INC., )
      Defendants. )

### MEMORANDUM OPINION

      This cause came on for trial before this court, without the intervention of a jury, on April 6, 1998, upon the pleadings, the order of pretrial conference, the evidence and exhibits, and the arguments of counsel.

      The Court finds that the plaintiff, Centhia Re-Naye Wilmer is not entitled to benefits denied her by defendant Central Bancshares of the South, Inc. Blue Cross and Blue Shield of Alabama, as third party administrator for the self-insured Central Bancshares plan, acted pursuant to the plan language in denying plaintiff's claim for benefits.

      The court applied the arbitrary and capricious standard of review. The issue presented to the court was whether Blue Cross acted rationally and in good faith when it concluded that Lindsey G. Wilmer was diagnosed with a disease, "which existed on or before

16

the effective date of that member, whether or not its existence then was known or manifested." Under plaintiff's plan, the insurer will not cover any claim where the condition treated existed on or before the effective date of that coverage. The condition need not have been treated, diagnosed or identified prior to the treatment in question in order to be deemed preexisting.

After hearing testimony and reviewing the administrative record, the court concludes that Lindsey Wilmer suffered from a preexisting condition that was later diagnosed as dysthymia by her treating physician. The decision to deny plaintiff's claim for benefits was not only reasonable, but required by the force of the evidence and the language of the plan. Blue Cross and Central Bancshares acted rationally and in good faith when they denied the claim.

Defendant's motion to strike plaintiff's claim for breach of fiduciary duty is GRANTED.

Defendant's objection to the admission of Dr. Vennam's deposition is SUSTAINED as it is beyond the scope of review afforded by the arbitrary and capricious standard of review.

A separate order dismissing this case will be entered.

DONE this 7th day of April 1998.

_____
SENIOR JUDGE